■ In the Matter of LEDERLE LABORATORIES DIVISION OF AMERICAN CYANAMID COMPANY et al., Petitioners, v PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review determinations of the Public Service Commission, which established the structure of water rates for Spring Valley Water Company's industrial customers. In this proceeding, petitioner challenges the procedural aspects of the hearing conducted by the Administrative Law Judge and the evidentiary basis for the commission's decision to implement a marginal cost-based rate structure with a summer/winter differential of approximately 3 to 1 and to reduce the minimum consumption payment required of the customers in the SC-5 classification. In our view, however, this proceeding must be dismissed before we reach the merits. By order issued April 28, 1981, the commission substantially modified the rate structure challenged herein, reducing the seasonal differential to 1.5 to 1. The modification was based largely on data arising out of the water company's actual experience during the preceding 10½ months under the rate structure challenged herein. Petitioner's water bills for the year May, 1980 through April, 1981, which encompasses the period that the challenged rate structure was in effect, show that petitioner actually saved nearly $15,000 as compared to the amounts that would have been payable under the prior rate structure. Petitioner's claim that if the challenged rate structure had been in effect for the entire year, the cost for water would have been greater than under the prior rate structure is irrelevant in view of the substantial modification of the challenged rate structure effected by the order issued April 28, 1981. Nor has petitioner shown that any customer or class of customers received preferential treatment in terms of their cost for water under the challenged rates as compared to petitioner's. Under these circumstances, we find that petitioner sustained no economic injury or imminent threat of economic injury sufficient to confer standing to challenge rates that are no longer in existence (cf. *Columbia Gas of N.Y. v New York State Elec. & Gas Corp.*, 28 NY2d 117, 123). In the absence of some injury in fact, the "zone of interest test" will not confer standing on petitioner merely because it is a customer of the utility (see *Matter of Dairylea Coop. v Walkley,* 38 NY2d 6, 11). Petitioner contends that in any event it has standing with respect to so much of the challenged determination as reduced the minimum consumption payment required of petitioner and Rockland State Hospital, the two customers in the SC-5 classification. Petitioner theorizes that since Rockland State Hospital's yearly water bill was actually reduced by some $34,000 as a result of the reduction in the minimum consumption figure, petitioner necessarily paid $34,000 more. Petitioner makes no attempt to describe the mechanism whereby this alleged shifting of the revenue burden actually occurred, and we find nothing in the record to support the assumptions upon which petitioner's theory is based. In view of the

fact that petitioner actually paid some $3,000 less under the reduced minimum than it would have paid under the prior minimum, we reject petitioner's claim of economic injury. Accordingly, the petition must be dismissed. Petition dismissed, without costs. Main, J.P., Casey, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.